# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:11cv94

| | |
|---|---|
| **DAVID HICKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **ORDER** |
| ) | |
| **TRANSIT MANAGEMENT OF** ) | |
| **ASHEVILLE, INC., a wholly owned** ) | |
| **subsidiary of FIRST TRANSIT, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

Plaintiff brought this action in the Buncombe County District Court to recover $9,704.32 he contends he is owed in unpaid sick leave after Defendant terminated his employment. Subsequently, Defendant removed the case to this Court on the basis of federal question jurisdiction because it contends that this case is governed by a collective bargaining agreement and the claim is preempted by the Labor Management Relations Act. After removing the case, Defendant moved to dismiss the Complaint in its entirety.

In response to the Motion to Dismiss, Plaintiff submitted two exhibits to the Court, including his affidavit. This affidavit sets out additional facts not contained in the Complaint. Defendant then moved to strike this affidavit. Rather than respond to the Motion to Strike, Plaintiff moved for leave to file an Amended

Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. The Court

granted Plaintiff leave to file an Amended Complaint in this case. (Order, Nov. 7,

2011.) The Court's Order also directed Plaintiff as follows:

> The Court, however, **INSTRUCTS** Plaintiff that he should file an
> Amended Complaint that incorporates the factual allegations contained
> in his affidavit into the body of the Amended Complaint so that
> Defendant can adequately respond to the allegations. The Amended
> Complaint, rather than affidavits attached to it, is the proper place for
> alleging all factual allegations necessary to state a claim against
> Defendant. Moreover, if Defendant moves to dismiss the Amended
> Complaint and Plaintiff attaches additional affidavits setting forth factual
> allegations not contained in the Amended Complaint, the Court will
> strike the affidavits and rule on the motion based on the well pled factual
> allegations contained in the Amended Complaint.

(Order at p. 3-4, Nov. 7, 2011.)

Plaintiff filed his Amended Complaint on November 18, 2011. The

Amended Complaint contained three additional attachments, including the affidavit

of Plaintiff. The factual allegations of the Amended Complaint, however, are

identical to the allegations contained in the Complaint. In fact, Plaintiff's

Amended Complaint contains only the following additional paragraphs:

10. That attached hereto as Exhibit 5 is an affidavit of Plaintiff.

11. That attached hereto as Exhibit 6 is an Order of Administrative
    Law Judge dated August 17, 2009 awarding Plaintiff Social
    Security.

12. That attached hereto as Exhibit 7 is the entire contract between
    Defendant's predecessor in interest, PROFESSIONAL
    TRANSIT MANAGEMENT OF ASHEVILLE, INC. and
    LOCAL UNION 128 of the AMALGAMATED TRANSIT

UNION.

(Pl.'s Am. Compl. ¶¶ 10-12.) In contrast to the instructions of the Court's Order,

Plaintiff did not include any additional factual allegations in the body of the

Amended Complaint; Plaintiff failed to incorporate the factual allegations

contained in his affidavit into the Amended Complaint. Accordingly, the Court

**STRIKES** the Amended Complaint [# 25] for failure to comply with a lawful

Order of the Court.

Signed: November 28, 2011

Dennis L. Howell
United States Magistrate Judge