IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv94

| | |
|---|---|
| DAVID HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER and |
| ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| TRANSIT MANAGEMENT OF ) | |
| ASHEVILLE, INC., a wholly owned ) | |
| subsidiary of FIRST TRANSIT, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is Defendant's Motion to Renew Motion to Dismiss and Motion to Strike [# 27]. The Court **GRANTS** the Motion to Renew [# 27]. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 5].

**I.      Procedural Background**

Plaintiff, who is represented by counsel, brought this action in the Buncombe County District Court to recover $9,704.32 he contends he is owed in unpaid sick leave after Defendant terminated his employment. Subsequently, Defendant removed the case to this Court on the basis of federal question jurisdiction because it contends that this case is governed by a collective

1

bargaining agreement, and the claim is pre-empted by the Labor Management Relations Act ("LMRA"). After removing the case, Defendant moved to dismiss the Complaint.

In response to the Motion to Dismiss, Plaintiff submitted two exhibits to the Court, including his affidavit. The affidavit sets out additional facts not contained in the Complaint. Defendant then moved to strike Plaintiff's affidavit. Rather than respond to the Motion to Strike, Plaintiff moved for leave to file an Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. The Court granted Plaintiff leave to file an Amended Complaint in this case. (Order, Nov. 7, 2011.) The Court's Order also directed Plaintiff as follows:

> The Court, however, **INSTRUCTS** Plaintiff that he should file an Amended Complaint that incorporates the factual allegations contained in his affidavit into the body of the Amended Complaint so that Defendant can adequately respond to the allegations. The Amended Complaint, rather than affidavits attached to it, is the proper place for alleging all factual allegations necessary to state a claim against Defendant. Moreover, if Defendant moves to dismiss the Amended Complaint and Plaintiff attaches additional affidavits setting forth factual allegations not contained in the Amended Complaint, the Court will strike the affidavits and rule on the motion based on the well pled factual allegations contained in the Amended Complaint.

(Order at p. 3-4, Nov. 7, 2011.) Finally, the Court denied as moot the Motion to Dismiss and Motion to Strike. (Id.)

Plaintiff then filed his Amended Complaint on November 18, 2011. The

Amended Complaint contained three additional attachments, including the affidavit of Plaintiff. The factual allegations of the Amended Complaint, however, where identical to the allegations contained in the Complaint. Plaintiff's Amended Complaint contained only the following additional paragraphs:

>    10.    That attached hereto as Exhibit 5 is an affidavit of Plaintiff.
>
>    11.    That attached hereto as Exhibit 6 is an Order of Administrative Law Judge dated August 17, 2009 awarding Plaintiff Social Security.
>
>    12.    That attached hereto as Exhibit 7 is the entire contract between Defendant's predecessor in interest, PROFESSIONAL TRANSIT MANAGEMENT OF ASHEVILLE, INC. and LOCAL UNION 128 of the AMALGAMATED TRANSIT UNION.

(Pl.'s Am. Compl. ¶¶ 10-12.) In contrast to the explicit instructions of the Court's prior Order, Plaintiff did not include any additional factual allegations in the body of the Amended Complaint; Plaintiff did not incorporate the factual allegations contained in his affidavit into the Amended Complaint. Accordingly, the Court then entered an Order striking the Amended Complaint for failure to comply with an Order of the Court. (Order, Nov. 28, 2011.)

After the entry of the Court's Order, Defendant moved to renew its Motion to Dismiss [# 5] and Motion to Strike [# 14]. As a result of the Court striking the Amended Complaint, these motions are no longer moot because the original

Complaint is the operative complaint in this matter. Accordingly, the Court **GRANTS** the Motion to Renew [# 27] and will issue this Memorandum and Recommendation addressing Defendant's Motion to Dismiss.

## II.   Factual Background[1]

Plaintiff is a citizen of South Carolina who was employed by the predecessor corporation for Defendant Transit Management of Asheville, Inc. from July 1985 until October 15, 2008. (Pl.'s Compl. ¶¶ 2-4.) While employed as the operations supervisor for Defendant's predecessor, Plaintiff was hospitalized in July 2008 for extreme hypertension and chest pain. (Id. ¶ 5.) It is Plaintiff's personal opinion that the hypertension was work related. (Id.)

On October 17, 2008, Plaintiff received a letter from the General Manager of Defendant stating that he was being terminated because he had been out of the office since July 23, 2008, and that Plaintiff had exhausted his leave under the Family Medical Leave Act. (Id. ¶ 6; Ex. 2 to Pl.'s Compl.) Under the terms of the Memorandum of Agreement between Professional Transit Management of Asheville, Inc. and Amalgamated Transit Union Local Union 128 (the "Agreement"), Defendant does not have to pay an employee his or her accumulated

---

[1] In response to Defendant's Motion to Dismiss, Plaintiff attached his affidavit as an exhibit. This affidavit is not properly before the Court at the motion to dismiss stage, and the Court has disregarded the affidavit in ruling on the Motion to Dismiss.

sick leave upon the termination of the employee from active employment. (Ex. A to Def.'s Mot. Dismiss at p. 9.) Section 21 of the Agreement, however, provides that "[e]mployees will be paid for their unused sick leave upon retirement at their current rate of pay." (Ex. 1 to Pl.'s Compl.; Ex. A to Def.'s Mot. Dismiss at 9.) Accordingly, an employee who retires can receive a payment for his or her unpaid sick leave while an employee who is terminated does not receive such a payment. (Ex. 1 to Pl.'s Compl.)

Upon receiving notice of his termination from Defendant, Plaintiff inquired as to whether he was entitled to recover his unused sick leave. (Pl.'s Compl. ¶ 7.) In response to his inquiry, Plaintiff received a letter from the General Manager stating that he was not entitled to payment for his unused sick leave under the terms of the labor agreement. (Id.; Ex. 3 to Pl.'s Compl.) The Complaint alleges that "although [the General Manager's] interpretation of the contract is generally correct, the contract does allow an employee to accumulate sick leave which is creditable upon termination from active employment in the event of retirement." (Pl.'s Compl. ¶ 8.)

Although the Complaint does not clearly allege that Plaintiff retired, as opposed to being terminated by Defendant after failing to return to work after his FMLA leave expired, Plaintiff alleges that he was paid retirement benefits. (Id. ¶

9.) Accordingly, Plaintiff brought this action to recover 59 days of unpaid sick leave that he contends he is due pursuant to Section 21 of the Agreement as a result of the fact that he received some form of retirement benefits when Defendant terminated his employment. (Id. ¶¶ 6, 9.)

### III. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic

recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

IV. Analysis

Section 301 of the LMRA provides in pertinent part that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). It is well settled that any state law cause of action where resolution of the claim substantially depends upon the Court interpreting the terms of a collective-bargaining agreement must be construed as a Section 301 claim or dismissed as pre-empted. See Davis v. Bell Atl.-W. Va., Inc., 110 F.3d 245, 247-48 (4th Cir. 1997); Foy v. Giant Food, Inc., 298 F.3d 284, 287 (4th Cir. 2002). Plaintiff asserts a lone claim for breach of contract based on Defendant's alleged breach of the specific terms of a collective bargaining agreement. To the extent that Plaintiff intended to assert this claim under North Carolina law, it is pre-empted by Section 301 because its resolution requires that the Court interpret the terms of the Agreement. See Foy, 298 F.3d at 287. Accordingly, the Court construes Plaintiff's claim as a Section 301 claim for breach of a collective bargaining agreement. See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220, 105 S. Ct. 1904, 1916 (1985) (holding that when a claim is pre-empted by Section 301, it must either be dismissed as pre-empted by federal labor-contract law or treated as a Section 301 claim); Davis, 110 F.3d at 247 (same); see also DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163, 103 S. Ct. 2281, 2290 (1983) ("It has

8

long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement.")

An employee bringing a Section 301 claim for breach of a collective bargaining agreement, however, must first attempt to exhaust any grievance and arbitration procedures set forth in the agreement. DelCostello, 462 U.S. at 163, 103 S. Ct. at 2290; Republic Steel Corp. v. Maddox, 379 U.S. 650, 653-54, 85 S. Ct. 614, 616-17 (1965) (holding that claim regarding severance pay subject to grievance procedures); see also Elswick v. Daniels Electric Inc., 787 F. Supp. 2d 443, 448 (S.D. W. Va. 2011); Hope v. Cont'l Banking Co., 729 F. Supp. 1556, 1558 (E.D. Va. 1990).[2] Section 29 of the Agreement contains a comprehensive grievance and arbitration procedure for resolving disputes. (Ex. A to Def.'s Mot. Dismiss at p. 13-14.) Plaintiff does not allege that he attempted to exhaust these grievance procedures prior to bringing this action. As a terminated or retired employee with a claim for severance benefits that accrued while he was employed by Defendant, Plaintiff was required to utilize the grievance procedure in the Agreement. See e.g. Maddox, 379 U.S. at 653-54, 85 S. Ct. at 616-17; Hope, 729 F. Supp. at 1559. Because Plaintiff failed to undertake a good faith attempt to

---

[2] An exception to this rule exists in a case where the union wrongfully refuses to invoke the grievance procedure. See Vaca v. Sipes, 386 U.S. 171, 185-86, 87 S. Ct. 903, 914 (1967). Plaintiff, however, has made no such allegations in his Complaint.

9

exhaust the grievance and arbitration remedies in the Agreement prior to bringing this suit, Plaintiff's Section 301 claim for breach of the Agreement is subject to dismissal. See Lueck, 471 U.S. 220-21, 105 S. Ct. at 1916. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 5] and Dismiss Plaintiff's Section 301 claim.

V.     **Conclusion**

The Court **GRANTS** the Motion to Renew [# 27]. The Court also **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 5] and Dismiss Plaintiff's Complaint.

Signed: January 19, 2012

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).