# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv94

| | |
|---|---|
| DAVID HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF DECISION** |
| ) | **AND ORDER** |
| TRANSIT MANAGEMENT OF ) | |
| ASHEVILLE, INC., a wholly ) | |
| owned subsidiary of FIRST ) | |
| TRANSIT, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Relief from Order [Doc. 31].

## I. PROCEDURAL BACKGROUND

The Plaintiff David Hicks initiated this civil action against the Defendant Transit Management of Asheville, Inc. in state court seeking to recover $9,704.32 he contends he is owed in unpaid sick leave after the Defendant terminated his employment. [Doc. 1-1 at 4-5]. The Defendant removed the action to this Court on the grounds of the existence of a federal question, contending that this case is governed by a collective bargaining agreement and thus the Plaintiff's claim is pre-empted by the Labor Management

Relations Act, 29 U.S.C. § 185(a). [Doc. 1]. After removing this action, the Defendant filed a Motion to Dismiss the action. [Doc. 5].

In support of his Response to the Motion to Dismiss, the Plaintiff submitted two exhibits, including an Affidavit setting out additional facts not contained in the Complaint. [Doc. 11]. The Defendant moved to strike Plaintiff's Affidavit. [Doc. 14]. Rather than respond to the Motion to Strike, the Plaintiff moved for leave to file an Amended Complaint. [Doc. 17]. On November 7, 2011, the Magistrate Judge granted the Plaintiff leave to file an Amended Complaint and denied as moot the Motion to Dismiss and the Motion to Strike. [Doc. 24]. In the Order, the Magistrate Judge specifically directed the Plaintiff as follows:

> The Court, however, **INSTRUCTS** Plaintiff that he should file an Amended Complaint that incorporates the factual allegations contained in his affidavit into the body of the Amended Complaint so that Defendant can adequately respond to the allegations. The Amended Complaint, rather than affidavits attached to it, is the proper place for alleging all factual allegations necessary to state a claim against Defendant. Moreover, if Defendant moves to dismiss the Amended Complaint and Plaintiff attaches additional affidavits setting forth factual allegations not contained in the Amended Complaint, the Court will strike the affidavits and rule on the motion based on the well pled factual allegations contained in the Amended Complaint.

[Id. at 3-4].

The Plaintiff filed an Amended Complaint on November 18, 2011. [Doc. 25]. The allegations of the Amended Complaint, however, were essentially identical to the allegations contained in the original Complaint. The Amended Complaint contained only three additional paragraphs, which stated as follows:

> 10. That attached hereto as Exhibit 5 is an affidavit of Plaintiff.
>
> 11. That attached hereto as Exhibit 6 is an Order of Administrative Law Judge dated August 17, 2009 awarding Plaintiff Social Security.
>
> 12. That attached hereto as Exhibit 7 is the entire contract between Defendant's predecessor in interest, PROFESSIONAL TRANSIT MANAGEMENT OF ASHEVILLE, INC. and LOCAL UNION 128 of the AMALGAMATED TRANSIT UNION.

[Id. at ¶¶ 10-12]. Attached to the Amended Complaint were three exhibits, including the Affidavit of the Plaintiff. Contrary to the explicit instructions of the Magistrate Judge, none of the factual allegations set forth in the Plaintiff's Affidavit were incorporated into the Amended Complaint. Accordingly, on November 28, 2011, the Magistrate Judge entered an Order striking the Amended Complaint for failure to comply with the November 7, 2011 Order. [Doc. 26].

Following entry of the Magistrate Judge's November 28, 2011 Order, the Defendant moved to renew its Motion to Dismiss and Motion to Strike. [Doc. 27]. The Plaintiff did not respond to the Defendant's Motion to Renew. On January 20, 2012, the Magistrate Judge granted the Defendant's Motion to Renew and recommended that the Defendant's Motion to Dismiss be granted. [Doc. 28]. The parties were specifically advised that any objections to the Magistrate Judge's Recommendation were to be filed in writing within fourteen (14) days of service. No written objections to the Memorandum and Recommendation were filed.

On February 14, 2012, the Court entered an Order adopting the Magistrate Judge's Recommendation, and the Plaintiff's Complaint was dismissed. [Doc. 29]. A Judgment was entered in accordance with the Court's Order on the same day. [Doc. 30].

Thereafter, on March 5, 2012, the Plaintiff filed the present Motion for Relief pursuant to Rule 60 of the Federal Rules of Civil Procedure, citing counsel's "excusable neglect" in failing to read the Magistrate Judge's November 7, 2011 Order. [Doc. 31]. The Defendant filed a Response in opposition to the Plaintiff's Motion on March 19, 2012. [Doc. 32].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Because the Plaintiff's motion was filed within twenty-eight days of the entry of Judgment, the Court shall treat his motion as one seeking relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010); MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 277 (4th Cir. 2008); Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978).

Three grounds for altering or amending a judgment under Rule 59(e) are recognized in this Circuit: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e) is considered an "extraordinary remedy" which the Fourth Circuit has cautioned should be used only in exceptional circumstances. Id. Ultimately, the decision to grant or deny a Rule 59(e) motion is a matter within the Court's discretion. See Robinson, 599 F.3d at 407.

## III. ANALYSIS

At the outset, the Court notes that the Plaintiff's Motion fails to comply with Local Civil Rule 7.1(C), which requires the filing of a brief in support of

such Motion. Moreover, the Plaintiff offers no legal citations or authority in support of his request for extraordinary relief. These deficiencies alone would justify the denial of the Plaintiff's Motion. Nevertheless, the Court will address the merits of the Plaintiff's request.

The Plaintiff does not address his entitlement to relief in the context of Rule 59(e). Considering the substance of the Plaintiff's Motion, the first two prongs of this rule do not appear to be at issue. The Plaintiff does not assert an intervening change in controlling law, and because the dismissal of the Plaintiff's Complaint was based upon review of the pleadings as a matter of law, there is no issue as to the existence of any new evidence regarding the Plaintiff's claims. Thus, the Court will limit its analysis to the third prong of Rule 59(e), i.e., whether vacating the Judgment is necessary in order to prevent a manifest injustice.

As the sole basis for his Motion for Relief, the Plaintiff argues that his counsel mistakenly failed to read the Magistrate Judge's November 7, 2011 Order. Specifically, the Plaintiff contends that counsel mistakenly thought that the Notice of Electronic Filing (NEF) that counsel received advising of the entry of the November 7, 2011 Order was "the entire Order" itself, and that counsel failed to notice that a copy of the Order was attached to the NEF.

6

[Doc. 31].¹ Consequently, counsel states that he did not read the Magistrate Judge's Order and was thus unaware of the Magistrate Judge's instructions regarding the incorporation of the factual allegations in the Plaintiff's Complaint into his amended pleading.

Counsel's neglect in failing to read an Order of the Court and to comply with its directives simply does not justify granting the Plaintiff the extraordinary relief he requests. As both the Supreme Court and the Fourth Circuit repeatedly have recognized, "a party voluntarily chooses his attorney as his representative in the action, and, thus, he cannot later 'avoid the consequences of the acts of omissions of this freely selected agent.'" Robinson, 599 F.3d at 409 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633-34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). Even if the Court could somehow excuse counsel's neglect in failing to read the November 7, 2011 Order, however, the Plaintiff has offered no explanation for his failure to respond to the Defendant's renewed Motion to Dismiss or his failure to file any objections to the Magistrate Judge's Memorandum and Recommendation

---

¹The NEF to which counsel refers sets forth the Clerk's docket entry for the Magistrate Judge's Order. [See Doc. 31-1]. This docket entry indicates that the Motion to Amend was granted but makes no reference to the Magistrate Judge's instructions in the Order requiring the incorporation of the factual allegations from the Plaintiff's Affidavit.

within the time period required.  The Plaintiff was specifically advised that the "failure to file objections to [the] Memorandum and Recommendation with the district court will preclude the parties from raising such objection on appeal." [Doc. 28 at 11].  The Plaintiff cannot now seek to correct his failure to file timely objections by seeking relief from the Court's Order adopting that Recommendation.  See Pacific Ins. Co., 148 F.3d at 403 ("Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment . . . .").

Finally, the Court notes that construing the Plaintiff's motion under Rule 60(b) would provide no benefit to the Plaintiff.  The Plaintiff alleges that his counsel's excusable neglect justifies relief from the Order and Judgment in this case.  The Fourth Circuit has held, however, that "[a] party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)."  Robinson, 599 F.3d at 413.  For the reasons discussed above, the Court finds that the Plaintiff's counsel failed to act with reasonable diligence in reviewing the Orders of this Court and complying with the Court's directives.  Therefore, even if the Plaintiff's motion were construed pursuant to Rule 60(b), the Plaintiff would not be entitled to the requested relief.

In sum, the Court concludes that the dismissal of Plaintiff's Complaint was legally correct and does not create a manifest injustice in this case. See United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002). Accordingly, the Court in the exercise of its discretion declines to vacate the Order and Judgment dismissing the Plaintiff's Complaint. The Plaintiff's Motion for Relief is hereby denied.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Relief from Order [Doc. 31] is **DENIED**.

**IT IS SO ORDERED**.

Signed: April 17, 2012

Martin Reidinger
United States District Judge